UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANJA MADISON,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | Case No. CV 12-7221-VBF (OP)<br><br>MEMORANDUM AND ORDER RE: SUMMARY DISMISSAL OF HABEAS CORPUS PETITION (28 U.S.C. § 2254) FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |

## I.
## **PROCEEDINGS**

On August 22, 2012, LaTanja Madison ("Petitioner") filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal without

1

prejudice for failure to exhaust state judicial remedies.

## II.
## PROCEDURAL HISTORY

On July 8, 2011, Petitioner was convicted in the Los Angeles County Superior Court, case number BA372054, of making criminal threats (Cal. Penal Code § 422) and disobeying a court order (Cal. Penal Code § 166(a)(4)) after entering guilty pleas to the offenses. On the same date, Petitioner was sentenced to a total state prison term of fifteen years. (Pet. at 2, unnumbered Exs.)

Petitioner did not appeal her judgment of conviction or sentence to the California Court of Appeal, did not file a petition for review in the California Supreme Court, nor has she sought habeas relief in the state supreme court. (Official Records of California Courts.[1])

## III.
## DISCUSSION

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179

---

[1] An independent review of the California Courts' website does not reveal the filing of a direct appeal in the California Court of Appeal and does not reveal the filing of any petitions for review or habeas corpus petitions in the California Supreme Court. The Court takes judicial notice of the state appellate court records for Petitioner's cases which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

(1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Petitioner seeks to challenge her July 2011 conviction in the Los Angeles County Superior Court, case number BA372054, for making criminal threats (Cal. Penal Code § 422) and disobeying a court order (Cal. Penal Code § 166(a)(4)). (Pet. at 2, unnumbered Exs.) However, she did not appeal her judgment of conviction or sentence to the California Court of Appeal, did not file a petition for review in the California Supreme Court, nor has she sought habeas relief in the state supreme court. (Official Records of California Courts.) As a result, it

appears conclusively from the face of the Petition that Petitioner has not fairly presented any claims to the state supreme court. Thus, she has failed to exhaust her state judicial remedies.

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice for failure to exhaust state judicial remedies, and Judgment shall enter accordingly.[2]

DATED: 9-5, 2012

HON. VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[2] Any future § 2254 petitions filed in this Court are subject to the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d).

4